Argued at Pendleton October 26, affirmed November 23, 1926.

## RETTIE HUNT *v.* WALLOWA VALLEY IMPROVEMENT DISTRICT No. 1.

(250 Pac. 743.)

**Appeal and Error.**

Where decree was modified after time for appeal from original decree had expired, appellate court could not review findings and conclusions in original decree on defendant's appeal from modified decree.

Appeal and Error, 4 C. J., p. 684, n. 19 New.
Waters, 40 Cyc., p. 603, n. 17 New.

From Wallowa: J. W. KNOWLES, Judge.

In Banc.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Nichols, Hallock & Donald,* with an oral argument by *Mr. J. T. Donald.*

For respondent there was a brief over the name of *Messrs. Burleigh & Burleigh,* with an oral argument by *Mr. J. A. Burleigh.*

COSHOW, J.—This suit was instituted for the purpose of enjoining the defendant from flowing water from its irrigation canal into Prairie Creek. The suit was begun on the twelfth day of August, 1924. Issues were joined on the complaint, answer and reply. The defendant pleaded acquiescence by the plaintiff in the use of Prairie Creek for the purpose now sought to be enjoined; the prescriptive right on the part of defendant to use Prairie Creek for that purpose, and estoppel. The suit resulted in a

See 2 R. C. L. 189.

decree in favor of the plaintiff enjoining the defendant

"from flowing or emptying any of the waters of its canal, flumes or ditches into the stream known as Prairie Creek at any time from the 1st of September until the 1st of May of each and every year; and that from the 1st of May to the 1st of September of each year except that the defendant can flow or empty into said stream from its canal, flume or ditch, sufficient water for the irrigation of the lands under said canal in said district that is lying along or adjacent to Prairie Creek in said district, but that said water, so turned into said stream by the defendant * * shall be clear, unpolluted and uncontaminated water and * * shall be kept uniform and not turned off and on suddenly in the rotation of said water, but that the flow shall be kept at a uniform stage as much as possible throughout said period of time."

The decree also contains this sentence:

"That this decree shall not be final and the court reserved the right to change or modify the same according to the conditions of the conduct of the parties hereto and with the right to make the injunction against the flow of the water into said stream permanent and perpetual as to all seasons of the year."

That decree was rendered on the tenth day of April, 1925. On the twenty-third day of July, 1925, plaintiff filed a motion supported by an affidavit to modify the decree. Evidence was taken on the motion resulting in a modification of the decree so that the decree is modified to read in part as follows:

"That between the First day of May and the First day of September, of each year, when there are heavy rains and mountain storms in the vicinity of defendant's canal or ditch, that will have the effect of muddying, roiling, contaminating or rendering impure and unwholesome, the waters in said canal

or ditch, or when, by reason of slides, into said ditch which will have the effect of muddying, roiling, contaminating or rendering impure and unwholesome the waters in said ditch, the defendant Company shall immediately shut off the flow of said waters from its canal into Prairie Creek and shall keep the same shut off into said stream until the water in the said canal or ditch, shall have become purified, clear and fit for household and domestic use.''

The decree further provides that the original decree shall stand as modified including the sentence ''reserves the right to modify the same'' as in the original decree. The latter decree was rendered on the second day of March, 1926, and this appeal is taken from that decree. The complaint of the plaintiff is based upon the alleged contamination of the water of Prairie Creek by the influx of water from defendant's canal rendering the water unfit for domestic purposes, including drinking water. Prairie Creek was never used as a conduit or aqueduct for conveying water by the defendant from its irrigation canal until the year 1924. The modified decree was made upon facts showing contamination of Prairie Creek since the original decree was entered.

Notwithstanding that the appeal is taken from the decree rendered on March 2, 1926, the brief of defendant is addressed to the issues resulting in the original decree. Defendant argues to this court that the defendant was entitled to a decree upon the issues as framed by the pleading. Time for appeal from the original decree had long expired before the modified decree was entered. The notice of appeal also describes the decree appealed from as the decree entered March, 1926. It is our opinion that the original decree, and the findings and conclusions upon which it was based are not before this court. The only

question here considered and determined is the modification of the decree. No question of law about which reasonable attorneys can differ is raised by the appeal. The sole question to be determined is one of fact. The issue is whether or not the flow of water into Prairie Creek from the canal of the defendant, subsequent to the original decree, contaminates the water of said creek rendering it unfit for domestic uses. We have carefully read and considered the testimony and agree with the learned Circuit Court that the water flowing in the canal of defendant is not as pure as the natural water of Prairie Creek and that during certain seasons specially contaminates the water in Prairie Creek to the extent of rendering it unfit for drinking and some other domestic purposes. Defendant violated the original decree by emptying polluted water from its canal into Prairie Creek. It would be of no benefit to anyone to rehearse the evidence or to go more into detail for our conclusion. We think the decree should be affirmed and it is so ordered.

AFFIRMED.

RAND, J., absent.